# N. Y. MARINE COURT.

FRANK D. SCHUYLER, plaintiff and respondent, agt. MICHAEL ENGLERT *et al.*, defendants and appellants.

*Undertaking — Order of arrest — Vacation of order of arrest upon stipulation of defendant not to bring an action for false imprisonment or malicious prosecution — Effect of stipulation.*

Where an order of arrest is vacated upon the defendant stipulating not to sue for false imprisonment or malicious prosecution, and the plaintiff ultimately succeeds in the action, such condition and stipulation go to the extent of precluding the defendant from maintaining any action upon the undertaking filed upon obtaining the order of arrest.

*General Term, December,* 1881.

APPEAL from a judgment rendered at trial term in favor of the plaintiff.

The action was brought by the plaintiff, as assignee of August G. Genez, to recover $250 damages, on an undertaking given upon obtaining an order to arrest Genez in an action upon contract, wherein fraud was charged as the ground of arrest. The undertaking is in the form prescribed by section 559 of the Code of Civil Procedure. Genez, the defendant in the action, moved to vacate the order of arrest, and an order was entered by consent, granting the motion, "upon the defendant stipulating not to bring an action for false imprisonment or malicious prosecution." The stipulation was given as required, and the action ultimately proceeded to judgment, which was given in favor of the plaintiff and against the defendant therein. The present action is brought upon the theory that the order vacating the arrest furnished the defend-

ant with a ground of action against the principal and sureties upon the undertaking, notwithstanding the condition not to sue inserted in the order and the stipulation given under it.

The trial judge adopted this theory, and rendered a judgment in favor of the plaintiff for $150.

*C. Fine*, for defendants and appellants.

*C. H. Machin*, for plaintiff and respondent.

McADAM, *J.* — It is clear that, independently of the order vacating the arrest, the plaintiff's assignor had no right of action, and this order, with the stipulation given under it, in terms release the plaintiff in that action (the principal on the undertaking) from all liability for false imprisonment or malicious prosecution. This liability extended to and embraced counsel fees and the like, because these elements of damage, whether called "special damages" or by any other name, are properly recoverable in an action for false imprisonment or malicious prosecution (*Field on Damages*, 538, 544; *Woods Mayne on Damages*, 559). Having consented to discharge the plaintiff from the actions of false imprisonment and malicious prosecution the plaintiff's assignor (the defendant in that action) has, by necessary implication, discharged the plaintiff therein from all the legal consequences of such an action, including as a necessary incident the right to recover the counsel fees and other expenses incurred in obtaining his discharge from imprisonment, and yet by this suit upon the undertaking he has by a mere change in the form of the action succeeded in recovering a substantial part of the very damages he had previously discharged by a release in which no reservation or exception whatever was made.

The construction which the plaintiff's assignor (defendant in the former action) seeks to put upon the order of the court and the stipulation given under it, when practically applied means substantially this: That they were designed to dis-

Schuyler agt. Englert *et al.*

charge the defendant in the original action from arrest on the one hand, and on the other to release in form only the plaintiff who caused the arrest from its consequences, so that the defendant in that action might, nevertheless, obtain his redress for wrongful arrest in a more substantial form of action against the principal and his two sureties upon the undertaking filed upon obtaining the order of arrest.

We think the order and stipulation permit of no such interpretation and that their obvious intent and purpose were to prevent any future litigation concerning the propriety of the arrest which the order set aside, and that the terms employed, "false imprisonment" or "malicious prosecution," were deemed and taken as sufficiently comprehensive to embrace all incidental remedies growing out of the arrest to which the stipulation referred.

The sureties sought to be held upon the undertaking were not parties to the consent upon which the order discharging the arrest was made, nor did they in any manner consent that the plaintiff in the action might be discharged from all liability for false imprisonment or malicious prosecution, nor is it at all likely that they would ever have consented to any arrangement by which the principal to the transaction should be discharged from the principal liability incurred, and that they, as sureties, should be mulcted with costs and expenses which, as between them and their principal, he was primarily liable to pay.

We have failed, therefore, to find any solid legal ground upon which the recovery had herein can be sustained.

The trial judge erred in finding for the plaintiff and his judgment must be reversed and a new trial ordered, with costs to abide the event.

SHEA, C. J., and NEHRBAS, J., concur.